UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WALLACE SMITH,<br><br>Defendant. | No. 1:13-cr-00194-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ACTS PURSUANT TO RULES 404(b) AND 414 OF THE FEDERAL RULES OF EVIDENCE<br><br>(Doc. Nos. 62, 72) |

Defendant Robert Wallace Smith is charged in the indictment with one count of violating 18 U.S.C. § 2252(a)(2)—Receipt and Distribution of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct. Trial is scheduled to commence on May 24, 2016.

The parties filed a number of pretrial motions in limine. (Doc. Nos. 62, 64, 72.) Those motions came on for hearing before the court on May 16, 2016. Assistant U.S. Attorneys Megan A. S. Richards and John R. Edwards appeared for the government, and Attorney Eric K. Fogderude appeared for the defendant. The court ruled on several of the parties' in limine motions from the bench but took under submission defendant's motion in limine to exclude evidence of other acts which the government announced it intended to introduce in its case in

/////

1  chief.  For the reasons set forth below, defendant's motion in limine to exclude the proffered
2  other acts evidence will be denied.
3      On April 29, 2016, the government filed a notice of intent to introduce evidence of other
4  acts pursuant to Rules 404(b) and 414 of the Federal Rules of Evidence.  (Doc. No. 61.)
5  Specifically, the government seeks to introduce child pornography located on defendant's
6  external hard drive, as well as stories and animated media depicting children engaged in sexually
7  explicit conduct.  (*Id.*)  On May 5, 2016, the government filed a second notice of intent to
8  introduce evidence of other acts pursuant to Rule 404(b), specifically testimony from Elizabeth
9  Crow, defendant's former long-term girlfriend.  (Doc. No. 66.)
10     Defendant argues this evidence should not be admitted primarily because defendant has
11 denied knowledge of the existence of the child pornography on his external hard drive and
12 sexually explicit stories and media on his laptop computer.  (Doc. No. 72 at 4.)  Defendant further
13 argues that he has denied knowledge of any child pornography being located on his laptop
14 computer, including the image or video referenced in the government's description of Ms. Crow's
15 anticipated testimony.  (*Id.* at 4–5.)  In any event, defendant contends that because the acts in
16 question are disputed and represent uncharged conduct, the government's evidence should be
17 excluded because it is not sufficient to establish that defendant committed those acts.  (*Id.*; Doc.
18 No. 62 at 7.)  The court is not persuaded by those arguments.
19 Child Pornography on Defendant's External Hard Drive
20     Rule 414 of the Federal Rules of Evidence provides

21
> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant.
22
23

24 Rule 414 makes an exception to Rule 404(b) to permit the introduction of propensity evidence of
25 prior sexual misconduct.  *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir.
26 2000).  In evaluating whether to admit evidence of a defendant's prior acts of sexual misconduct
27 in the context of Rule 403, district courts must consider "(1) the similarity of the prior acts to the
28 acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of

the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (citing *Glanzer*, 232 F.3d at 1268) (internal quotations omitted).

Here, evidence of child pornography on defendant's external hard drive is admissible. Possession of child pornography on the external hard drive represents evidence of an act of "child molestation" under Rule 414. Defendant admits to owning the external hard drive that was seized by authorities on the same day as the material underlying the charge set out in the indictment in this case. The presence of child pornography on defendant's external hard drive is similar to defendant's charged act, and the evidence suggests these acts occurred around the same time and with high frequency. The fact that presence of child pornography on defendant's external hard drive is an uncharged act does not preclude admission under Rule 414. While Rule 414 does not explicitly distinguish between charged and uncharged conduct, courts have widely read the rule to allow admission of prior uncharged conduct. *See, e.g.*, *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 151–52 (3d Cir. 2002) ("The practical effect of the new rules [e.g., Rule 414] is to put evidence of *uncharged offenses* in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule.") (citing 40 Cong. Rec. 23,603 (1994) (statement of Rep. Molinari)); *United States v. Sumner*, 119 F.3d 658, 662 (8th Cir. 1997) (citing same); *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) ("[U]nder Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses."). *See also Glanzer*, 232 F.3d at 1269 ("We find the reasoning adopted by the Tenth and Eighth Circuits regarding the subservience of [Rule 414] to Fed. R. Evid. 403 is persuasive and we adopt it as a rule of law for this circuit.").

Evidence of child pornography on defendant's hard drive is also admissible under Rule 404(b), pursuant to which evidence of prior bad acts may be introduced if it is used for a purpose other than showing that an individual acted in conformity with his bad character on a given occasion. Permissible purposes include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As the Ninth Circuit has explained,

3

> [t]he test for admitting evidence under 404(b) is whether: (1) it tends to prove a material fact; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the act; and (4) where knowledge and intent are at issue, the act is similar to that charged.

*United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir. 1996) (citing *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)).

Here, the government intends to introduce evidence to establish that defendant intended to receive child pornography. These prior acts are not too remote in time as they were discovered contemporaneously with evidence of defendant's charged conducts. Defendant's admission of ownership of the external hard drive, while not conclusive, is sufficient to support a finding that he committed the prior act. Moreover, past acts such as these, even if uncharged, can be introduced into evidence under Rule 404(b). *See United States v. Hardrick*, 766 F.3d 1051, 1056 (9th Cir. 2014); *United States v. Phipps*, 523 Fed. App'x 498, 500 (9th Cir. 2013) (citing *United States v. Curtin*, 489 F.3d 935, 959 (9th Cir. 2007) (en banc)).[1] Accordingly, defendant's motion in limine seeking to exclude the evidence of child pornography on his external hard drive will be denied.

<u>Sexually Explicit Stories and Media on Defendant's Laptop Computer</u>

The government also intends to introduce evidence of sexually explicit stories and media found on defendant's laptop computer. For the same reasons noted above, the court finds this evidence is admissible under Rule 404(b)(2). The government presents this evidence for the purpose of establishing that defendant had an interest in consuming media depicting adults engaged in sex with minors or minors engaged in sexually explicit activity. This evidence was also found on defendant's laptop computer. Defendant's motion in limine seeking to exclude evidence of sexually explicit stories and media found on his laptop computer will also be denied. *See Curtin*, 489 F.3d at 952 (finding evidence of defendant's possession of sexually explicit stories admissible and relevant to a charge of travel with intent to engage in a sexual act with a juvenile).

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

<u>Testimony Regarding Child Pornography on Defendant's Laptop Computer</u>

Finally, the government intends to introduce the testimony of Elizabeth Crow as to the following, except for any reference to defendant's stay at a mental hospital:

> She started dating Smith in 2002 and lived with him in Salinas. They stopped dating in May or June of 2011. Towards the end of their relationship, when the defendant checked himself into a mental facility, she accessed the defendant's computer in an attempt to find a file of emergency contacts that she knew that he kept. When she clicked into the computer, she found an image or a paused video of child pornography. She described the video as an adult male ejaculating on a child who appeared to be a toddler while the toddler was lying on a bed.
>
> Crow confronted the defendant about the file on his computer. Smith told Crow someone had emailed it to him and he had intended to delete it, but didn't have a chance to do so.

(Doc. No. 66. at 3–4.)  As with the government's other evidence of prior acts, this testimony is admissible under Rule 404(b)(2). The proffered testimony describes defendant's possession of child pornography within two to three years of the conduct charged in the indictment. *See Tsinnijinnie*, 91 F.3d at 1289 (noting that time span of two years between prior acts and charged conduct did not render the prior acts too remote in time); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (finding that a span of thirteen years did not render prior acts too remote in time). Defendant argues that Ms. Crow's testimony confirms that others had access to his laptop computer.  To the extent defendant intends to argue that he had no knowledge of such material on his computer, that issue will of course be the appropriate subject of cross-examination at trial. Defendant's motion in limine seeking to exclude Ms. Crow's testimony will also be denied.

For the reasons set forth above, defendant's motion in limine to exclude evidence of other acts described herein is denied.

IT IS SO ORDERED.

Dated: __**May 19, 2016**__          _/s/ Dale A. Drozd_
                                   UNITED STATES DISTRICT JUDGE